UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CINDY MEDINE                                             CIVIL ACTION

VERSUS                                                   NO. 25-493-JWD-EWD

LANE-VALENTE INDUSTRIES, INC.

**ORDER**

Before the Court is a Joint Motion to Remand,[1] based on the parties' stipulation that the amount in controversy in this case does not exceed $75,000, exclusive of costs and interest, notwithstanding a prior settlement demand from plaintiff above the federal jurisdictional amount.[2] Because "[p]arties may neither confer subject matter jurisdiction on the [federal] court nor strip it of such jurisdiction by agreement or waiver,"[3] the Joint Motion to Remand will be denied without prejudice.

Lane-Valente Industries, Inc. ("Defendant") removed this case to this Court on June 6, 2025, alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332.[4] Because the Notice of Removal did not adequately allege the diverse citizenship of all parties[5] and did not contain sufficient evidence to establish the requisite amount in controversy,[6] on June 9, 2025, the

---

[1] R. Doc. 16.

[2] *See* R. Doc. 16-1.

[3] *See United States v. Riojas*, 139 F.4th 465, 472 (5th Cir. 2025), citing *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 786 (5th Cir. 2012) (quoting *Buchner v. F.D.I.C.*, 981 F.2d 816, 818 (5th Cir. 1993) (cleaned up)).

[4] R. Doc. 1, ¶ 12.

[5] The Notice of Removal adequately alleged the Louisiana citizenship of Plaintiff Cindy Medine (R. Doc. 1, ¶13), but did not identify the alleged natural person members of Defendant, which was stated to be a limited liability company in the original Notice of Removal. *See Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018).

[6] The Notice of Removal relied on the absence of an La. Code Civ. Proc. art. 893 statement in Plaintiff's Petition and Plaintiff's response to Request for Admissions denying "that [her] damages do not exceed $75,000.00." R. Doc. 1, ¶ 7; R. Doc. 1-5, p. 1. This information is insufficient to meet Defendant's burden to establish the requisite amount in

Magistrate Judge issued a *sua sponte* Notice and Order that required Defendant to move for leave to file an amended Notice of Removal to correct the jurisdictional allegations by no later than June 23, 2025.[7]

Defendant timely filed a motion for leave that attached an amended Notice of Removal which corrected the citizenship allegations to show that Defendant is a New York corporation, with its principal place of business in New York.[8] With regard to the amount in controversy, Defendant attached a post-removal demand letter from Plaintiff's counsel for an amount above the required amount in controversy,[9] and excerpts from Plaintiff's medical records.[10] Shortly thereafter, the parties filed the Joint Motion to Remand, which only relates to the amount in controversy.

The party asserting the court's jurisdiction has the burden of establishing it.[11] Here, that is Defendant. "When a complaint alleges an unspecified amount of damages, the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met."[12] This means the amount in controversy must either be facially apparent from the complaint or the court may "rely on summary judgment-type evidence to ascertain the amount in controversy."[13] "If a defendant establishes 'by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount,' a plaintiff may

---

controversy, as it does not indicate whether the amount is exclusive of interest and costs, as required under 28 U.S.C. § 1332(a).

[7] R. Doc. 4.

[8] R. Doc. 14, ¶ 10.

[9] R. Doc. 15, p. 6.

[10] R. Doc. 15-1.

[11] *McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir. 2020), citing *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

[12] *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018), citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[13] *Id.*

defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold."[14]

Applying these principles to the facts of this case results in denial of the Joint Motion to Remand.  Here, the Magistrate Judge *sua sponte* raised the issue of whether the requisite amount in controversy was met at the time of removal because the Notice of Removal did not provide sufficient information.[15] In response, Defendant provided a settlement demand from Plaintiff's counsel for an amount above the federal jurisdictional threshold, written four days after removal, as well as excerpts from Plaintiff's medical records.[16]

A pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy "when the settlement offer reflects an honest assessment of the value of the plaintiff's claims."[17] For the same reasons, the settlement demand in this case may also be considered relevant evidence of the amount in controversy at the time of removal.  The letter was written just days after the case was removed, is based on medical treatment and lost wages that were incurred before the case was removed, and appears to be an honest assessment of the value of Plaintiff's claims, considering the information about total past medical expenses and lost wages contained in the letter. Through production of the settlement demand, Defendant established by a preponderance of the evidence that the amount in controversy was met.  Therefore, jurisdiction

---

[14] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66 (5th Cir. 2010), citing *In re: 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

[15] R. Doc. 4.

[16] R. Docs. 15; 15-1.

[17] *Bourgeois v. AmGUARD Ins. Co.*, No. 22-649, 2023 WL 2589693, at *5 (M.D. La. Feb. 24, 2023), report and recommendation adopted, No. 22-649, 2023 WL 2587795 (M.D. La. Mar. 21, 2023) (deGravelles, J.), citing *McGlynn v. Huston*, 693 F.Supp.2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck & Co.*, 46 Fed.Appx. 226 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F.3d 908 (5th Cir. 2002); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)).

can only now be defeated if Plaintiff establishes to a legal certainty that her recovery will not exceed the jurisdictional threshold. The parties' stipulation does not do this.

First, precedent generally requires that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938), makes later filings irrelevant."[18] Plainly, the parties' stipulation was not attached to Plaintiff's original Petition in this case. However, in limited circumstances, later filings can be considered for clarification, "if the basis for jurisdiction is ambiguous at the time of removal,"[19] as it was here. That said, merely stating that the amount in controversy does not exceed $75,000 is insufficient to establish with legal certainty that Plaintiff's claims are really less than $75,000. "While a stipulation which limits recovery to $75,000 weighs in favor of remand, some courts require that, for it to be effective, the plaintiff must file into the record an affidavit, signed by the litigant, stipulating that he will not accept over $75,000, even if such an award is made by the Court."[20]

---

[18] *Hamilton v. Mike Bloomberg 2020, Inc.*, Nos. 21-10576, 2021 WL 5272218, at *2 (5th Cir. Nov. 11, 2021) (other citations omitted).

[19] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[20] *Hinkle v. USAA Gen. Indem. Co.*, No. 17-156, 2017 WL 4411052, at *5 (M.D. La. Sept. 11, 2017), report and recommendation adopted, No. 17-156-, 2017 WL 4401631 (M.D. La. Sept. 29, 2017) (deGravelles, J.), citing *Carr v. CVS Drug Stores*, No. 08-578, 2008 WL 4844712, at *6 (W.D. Tex. Oct. 6, 2008), citing *Engstrom v. L–3 Commc'ns Gov't Servs., Inc*., No. 04-2971, 2004 WL 2984329, at *5 (E.D. La. Dec. 23, 2004) (finding that in order for stipulation to be binding plaintiff must not only state that his claims for damages were limited to $75,000, but also waive any claim for actual and punitive damages over $75,000); *Cleary v. Murphy Oil USA, Inc*., No. 03–1718, 2003 WL 21977163, at *3 (E.D. La. Aug. 15, 2003) (finding that, although plaintiff's stipulation limiting recovery to $75,000 weighs in favor of remand, case would not be remanded unless plaintiff filed affidavit stipulating he would not attempt to execute judgment to extent it exceeded $75,000)). *See also, Mouton v. Balboa Ins. Co.*, No. 10-1639, 2010 WL 2902785, at *2 (E.D. La. July 20, 2010) ("A stipulation contained in a complaint will be considered binding if it contains an express waiver by the plaintiff of his right to accept or enforce any judgment in excess of the statutory limit." (citation omitted)); *Crosby v. Lassen Canyon Nursery, Inc*., No. 02–2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003) (noting in its reasoning denying remand, where plaintiffs submitted post-removal affidavit in which they agreed their claims for damages did not exceed $75,000 and they would not seek damages in excess of $75,000, plaintiffs post-removal affidavit failed to stipulate they would not accept more than $75,000 in damages award).

Here, the Court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. As Defendant has established that the parties are completely diverse and has established the requisite amount in controversy by a preponderance of the evidence, the parties' post-removal stipulation, to the extent it is considered at all, is insufficient to establish with legal certainty that Plaintiff's claims in the case do not exceed $75,000, exclusive of interest and costs. Accordingly,

**IT IS ORDERED** that the Joint Motion to Remand,[21] is **DENIED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana on July 31, 2025.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] R. Doc. 16.